IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Wayne McDaniels, | C/A No.: 1:14-1023-TLW-SVH |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| Warden HL Hufford at FCI Otisville, | |
| Respondent. | |

Petitioner Kevin Wayne McDaniels is an inmate at Federal Correctional Institution ("FCI") Otisville, New York, who filed this pro se habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of New York. The petition challenges 2008 convictions in a South Carolina state court; therefore, the case has been construed as a petition under 28 U.S.C. § 2254 and transferred to this court. [Entry #8]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without requiring the respondent to file an answer.

I.      Factual and Procedural Background

Petitioner challenges convictions in the Spartanburg County Court of General Sessions on August 26, 2008, for the offenses of burglary first degree, burglary second degree, and two counts of grand larceny. [Entry #2 at 2, 8]. Petitioner indicates that, subsequent to an *Alford* plea, a state court judge sentenced him to fifteen years for each

of the burglary offenses and five years for each grand larceny offense, to be served concurrently with Petitioner's federal sentence. *Id.* at 2. Petitioner alleges that he filed an application for post-conviction relief ("PCR"), which the state court misconstrued as a civil lawsuit for medical malpractice. *Id.* at 8. Petitioner claims that he filed a second PCR action; however, appointed counsel allegedly advised Petitioner to wait until his federal sentence expired to seek relief in state court. *Id.*

Online records reflect that Petitioner filed his first PCR application, Case No. 2009-CP-42-3350, on June 16, 2009, and his second PCR application, Case No. 2010-CP-42-2188, on April 22, 2010. *See* Spartanburg County Seventh Judicial Circuit Public Index, http://publicindex.sccourts.org/Spartanburg/PublicIndex/PISearch.aspx (last visited March 31, 2014).[1] The state court merged the two PCR cases on September 8, 2010, and an order dismissing Petitioner's PCR action without prejudice was filed on November 5, 2010. *Id.* Petitioner filed a third PCR action, Case No. 2014-CP-42-0506, on February 10, 2014, which remains pending at this time. *Id.*

Petitioner indicates that he filed a petition seeking federal habeas relief under § 2254 on March 7, 2012, which this court summarily dismissed based on Petitioner's failure to exhaust state remedies. [Entry #2 at 8–9]; *see also McDaniels v. Owen*, C/A No. 1:12-642-TLW-SVH, 2012 WL 3582932 (D.S.C. Aug. 17, 2012), *appeal dismissed*, No. 12-7459, 2013 WL 221724 (4th Cir. Jan. 22, 2013), *cert. denied*, 134 S. Ct. 424

---

[1] A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court may "properly take judicial notice of matters of public record").

(2013). Petitioner asks this court to vacate his state convictions and sentences, expunge them from his record, and release him from custody. [Entry #2 at 6, 18].

II.   Discussion

A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

This is the third § 2254 petition filed by Petitioner seeking to challenge his 2008 Spartanburg County convictions.[2] *See McDaniels v. Owen*, C/A No. 1:12-642-TLW-SVH, 2012 WL 3582972 (D.S.C. Apr. 4, 2012) (hereinafter "*McDaniels I*").[3] The court summarily dismissed *McDaniels I* because Petitioner did not demonstrate exhaustion of state remedies prior to filing that action.  The instant petition is likewise subject to summary dismissal for lack of exhaustion.

The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Lawson v. Dixon*, 3 F.3d 743, 749–50 n.4, (4th Cir. 1993). In *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), the Fourth Circuit found that "a federal habeas court may consider only those issues which have

---

[2] Petitioner filed a second § 2254 petition in this court, which was dismissed as a duplicate filing.  *See McDaniels v. Warden of FCI Williamsburg*, C/A No. 1:12-975-TLW (D.S.C. Apr. 9, 2012).

[3] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

4

been 'fairly presented' to the state courts. . . . To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Id.* at 911 (citations omitted), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)).[4]

As in *McDaniels I*, the instant petition fails to demonstrate exhaustion of state remedies. Further, state court records reflect that Petitioner currently has a PCR action pending in the Spartanburg County Court of Common Pleas. As Petitioner has potentially viable state court remedies that have not been utilized, this court should not keep the instant case on its docket while Petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); *see also Pitchess v. Davis*, 421 U.S. 482, 490 (1975). Therefore, Petitioner's habeas action is subject to summary dismissal.

III.    Conclusion and Recommendation

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice.

---

[4] Where a habeas petitioner has failed to exhaust his state remedies and the state would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. at 735 n.1. However, the federal court is generally precluded from hearing a procedurally defaulted claim, absent special circumstances. *Id.* at 750.

IT IS SO RECOMMENDED.

March 31, 2014                                         Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).