IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Kevin Wayne McDaniels, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 1:14-cv-01023-TLW |
| | ) | |
| Warden H.L. Hufford *at FCI Otisville*, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**ORDER**

This matter comes before this Court on Petitioner's pro se Motion for reconsideration of the denial of Petitioner's § 2254 petition "Based Upon 'Extraordinary Circumstances' and Fundamental Miscarriage of Justice." (Doc. #23).

On August 28, 2014, this Court accepted the Magistrate Judge's Report and Recommendation and dismissed the above-captioned case without prejudice and without issuance and service of process. (See Docs. #14, 18, 19).

A Rule 59(e) motion may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. It is an extraordinary remedy that should be applied sparingly." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted); see Fed. R. Civ. P. 59(e).

In his motion to reconsider, Petitioner fails to show any intervening change in controlling law, account for any new evidence, or show clear error of law or manifest injustice. The Court has carefully reviewed his motion and concludes that he has not set forth sufficient grounds to cause the Court to alter or amend its prior order.

2

For the reasons stated, the Court concludes that Petitioner has not set forth sufficient grounds to cause the Court to reconsider, alter or amend its prior order.  Therefore, his motion for reconsideration (Doc. #23) is **DENIED**.

**IT IS SO ORDERED.**

s/ Terry L. Wooten<br>
TERRY L. WOOTEN<br>
Chief United States District Judge

June 8, 2016
Columbia, South Carolina

2